# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRUSTEES OF THE I.B.E.W. LOCAL UNION 405 DEFERRED SAVINGS FUND and TRUSTEES OF THE I.B.E.W. LOCAL UNION 405 HEALTH AND WELFARE FUND, | |
| Plaintiffs, | No. C02-0048 |
| vs. | **ORDER** |
| DUBALL ELECTRIC, INC., JERRY DUBALL, SR., JERRY DUBALL, JR., TAMARA K. WYNN, and KAY L. DUBALL | |
| Defendants. | |
| DUBALL ELECTRIC, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| LOCAL UNION 405, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, | |
| Third-Party Defendant. | |

This matter comes before the court following a bench trial on the merits of this case held July 28 and 29, 2005, and the court's December 13, 2005, Order finding in favor of the plaintiffs and further directing the plaintiffs to submit an amended prayer for relief in accordance with the court's Order (docket number 201). Judgment shall be entered as set forth in this Order.[1] The defendant also filed a motion to strike the plaintiffs' reply to the defendant's response to the plaintiffs' amended prayer for relief (docket number 211). The defendant's motion to strike is denied.

The court held a bench trial on the merits of this ERISA claim on July 28 and 29, 2005. On December 13, 2005, the court issued an Opinion finding that the defendant owed delinquent contributions to two employee benefit funds, Plaintiff Local 405 Deferred Savings Fund (Plaintiff Pension Fund) and Plaintiff Local 405 Health and Welfare Fund (Plaintiff Health Fund), collectively known as Plaintiff Funds. In determining the rate of contributions owed to the funds on behalf of the seven employees at issue, the court rejected the plaintiffs' argument that the contributions should be calculated using the journeyman rate of pay, the highest rate possible, as a "default" rate.[2] Accordingly, the court ordered the plaintiffs to submit an amended prayer for relief. The court directed, in relevant part, as follows:

> The plaintiffs shall recompute the delinquent contributions as follows: for employees Eric Baily, B.J. Myrick, and Ryan Gericke, the plaintiffs shall recalculate contributions based on these employees being deemed apprentices performing covered work as inside/commercial electricians. For employees Zachariah Hale, Dustin Novak, Chris Carter, and J. Keith Collins, the plaintiffs shall recalculate contributions based on these employees being categorized as apprentices performing covered work as residential electricians. The defendant shall

---

[1] Exclusive of attorney fees.

[2] A "default" rate is necessary in order to calculate the contributions, because the defendant did not properly classify the employees at issue during some or all of the relevant time period.

> have 10 days from the date of the plaintiffs' filing of these
> amended calculations to respond.

Based on the plaintiffs' amended prayer for relief concerning the delinquent contributions, and after having considered defendant's response to the plaintiffs' amended prayer for relief, the court makes the following findings as to each of the seven employees for whom benefits are delinquent.

### A. CONTRIBUTIONS FOR RYAN GERICKE

The plaintiffs concede that based upon the trial record, it is "not possible to identify . . . the appropriate 'period' of apprenticeship for Ryan Gericke." Accordingly, the plaintiffs do not seek any contributions to Plaintiff Pension Fund on behalf of Mr. Gericke.

The plaintiffs seek contributions to Plaintiff Health Fund on behalf of Mr. Gericke at a rate of $2.10 per hour. The defendant disputes the plaintiffs' total number of hours claimed to have been worked by Mr. Gericke under the collective bargaining agreement. Specifically, the defendant argues that (1) the hours claimed on behalf of Mr. Gericke for September, 2000, should be reduced from 5 to 3 because one hour "was work for which Gericke was simply running a delivery," and another hour claimed "was not worked by Gericke"; and (2) the hours claimed on behalf of Mr. Gericke for April, 2001, should be reduced from 10.5 hours to 10 hours because the plaintiffs "incorrectly show Gericke having 10.5 hours . . . [and] [t]his error resulted from [the plaintiffs] incorrectly recording two hours of time for Gericke on April 6, 2001, when the record demonstrates that Gericke worked only 1.5 hours." The court will not consider the defendant's arguments concerning the hours that the employees at issue were actually performing work covered by the collective bargaining agreement. In its Order finding in favor of the plaintiffs on the issue of delinquent contributions, the court stated:

> Having determined that the plaintiffs have produced sufficient
> evidence to raise genuine questions about the accuracy of the
> defendant's records and the number of hours worked by the
> employees, the burden then shifts to the defendant to come
> forward with evidence of the precise amount of work

3

performed.[3] See Trustees of the I.B.P.A.T. Local 447 Pension Plan v. Five Seasons Paint and Drywall, Inc., 01-CV-0027 (N.D. Iowa 11/5/2002) (citing Brick Masons Pension Trust v. Indust. Fence & Supply, 839 F.2d 1333, 1338 (9th Cir. 1998); Motion Picture Indus. Pension & Health Plans v. N.T. Audio Visual Supply, Inc., 259 F.3d 1063, 1066-67 (9th Cir. 2001) (internal citations omitted). The defendant, rather than offering any evidence concerning the precise amount of work performed by the employees in question to refute the evidence offered by the plaintiffs, argue that "once the Union provided the classification information [concerning the employees], [the defendant] made appropriate contributions."[4] Accordingly, the court finds that the defendant has failed to meet their burden of showing the precise amount of work performed by the employees in question, as the plaintiffs' evidence in this regard stands unrefuted.

The defendant thus had the opportunity, and the burden, to present evidence concerning the precise amount of work performed by the employees at trial. As the court noted in its December 13, 2005 Order, the defendant failed to do so. Accordingly, the court is unwilling, at this late stage in the proceedings, to entertain the defendant's recent invitation to meticulously dissect the amount of time the employees at issue spent performing covered work.[5] Just as the court refused to summarily classify each employee at issue as a journeyman for purposes of calculating contributions, the court is equally unwilling to err on the side of excluding any of the employees at issue from having benefits calculated on

---

[3] While the court considered the testimony offered at trial as well as the time cards, job tickets, and the plaintiffs' summary of hours in making this determination, the court notes that the testimony at trial alone was sufficient to raise genuine questions about the accuracy of the defendant's records.

[4] See Defendant's post-trial memorandum, p. 11.

[5] The court's finding in this regard applies to the defendant's arguments concerning the amount and type of work performed by each employee at issue in this case.

4

their behalf. The court finds, therefore, that the amount of contributions owed to Plaintiff Health Fund on behalf of Mr. Gericke is $1,185.45, calculated as follows:[6]

**Contributions for Ryan Gericke**

**Pension Fund: No Contributions Requested**
**Health & Welfare Fund: $2.10 per hour**

| Month/Year | #Hours | H & W | Total Contr. |
|---|---|---|---|
| 8/00 | 1 | $2.10 | $2.10 |
| 9/00 | 5 | $10.50 | $10.50 |
| 10/00 | 1.5 | $3.15 | $3.15 |
| 11/00 | 5.5 | $11.55 | $11.55 |
| 12/00 | 6 | $12.60 | $12.60 |
| 1/01 | 2 | $4.20 | $4.20 |
| 2/01 | 6 | $12.60 | $12.60 |
| 3/01 | 5 | $10.50 | $10.50 |
| 4/01 | 10.5 | $22.05 | $22.05 |
| 5/01 | 28 | $58.80 | $58.80 |
| 6/01 | 140.5 | $295.05 | $295.05 |
| 7/01 | 173 | $363.30 | $363.30 |
| 8/01 | 172.5 | $362.25 | $362.25 |
| 9/01 | 8 | $16.80 | $16.80 |
| Total: | 564.5 | $1,185.45 | $1,185.45 |

---

[6] Exclusive of Interest. The court's interest calculations are set forth in Appendix A to this Order.

## B. CONTRIBUTIONS FOR ERIC BAILY

The plaintiffs assert that Eric Baily should be classified as a third period apprentice. In support of this assertion, the plaintiffs argue that (1) Mr. Baily had worked with Hupp Electric prior to his employment with the defendant and therefore had experience performing electrical work; (2) the work Mr. Baily performed for the defendant during the relevant time period was electrical work including pulling cable; and (3) Mr. Baily worked by himself at times. Accordingly, the plaintiffs have recalculated the amount of contributions due on behalf of Mr. Baily at a rate of $1.25 per hour, based on the rate for a third period apprentice set forth in the collective bargaining agreement.[7] For purposes of calculating contributions owed to Plaintiff Pension Fund on behalf of Mr. Baily, the court accepts the plaintiffs' classification of Mr. Baily as a third period apprentice.

The plaintiffs seek contributions to Plaintiff Health Fund on behalf of Mr. Baily at a rate of $2.10 per hour. The calculations for total contributions due to the funds on behalf of Mr. Baily are as follows:

**Contributions for Eric Baily**

**Pension Fund: Rate of $1.25 per hour**
**Health & Welfare Fund: Rate of $2.10 per hour**

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 8/00 | 135 | $168.75 | $283.50 | $452.25 |
| 9/00 | 154 | $192.50 | $323.40 | $515.90 |
| 10/00 | 166.5 | $208.13 | $349.65 | $557.78 |
| 11/00 | 156 | $195.00 | $327.60 | $522.60 |
| 12/00 | 144.25 | $180.31 | $302.93 | $483.24 |
| 1/01 | 173.5 | $216.88 | $364.35 | $581.23 |
| 2/01 | 150.5 | $188.13 | $316.05 | $504.18 |

---

[7] The collective bargaining agreement provides that contributions for a third period apprentice should be half of the journeyman rate.

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 3/01 | 162.5 | $203.13 | $341.25 | $544.38 |
| 4/01 | 167 | $208.75 | $350.70 | $559.45 |
| 5/01 | 174.5 | $218.13 | $366.45 | $584.58 |
| 7/01 | 164.5[8] | $205.63 | $50.40 | $256.03 |
| Total | 1,748.25 | $2,185.34 | $3,376.28 | $5,561.62 |

### C. CONTRIBUTIONS FOR B.J. MYRICK

The plaintiffs assert that B.J. Myrick should be treated as a journeyman for purposes of calculating his contributions. The defendant argues that Mr. Myrick should be treated as a first or second period apprentice, and that accordingly, contributions are not owed to Plaintiff Pension Fund on his behalf. For purposes of calculating the contributions owed on behalf of Mr. Myrick, the court considers him to be a third period apprentice. The calculations for Mr. Myrick's contributions are as follows:

**Contributions for B.J. Myrick**

**Pension Fund: Rate of $1.25 per hour**
**Health & Welfare Fund: Rate of $2.10 per hour**

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 3/01 | 8.5 | $10.63 | $17.85 | $28.48 |
| 6/01 | 4.5 | $5.63 | $9.45 | $15.08 |
| 7/01 | 40 | $50.00 | $84.00 | $134.00 |
| 8/01 | 105 | $131.25 | $220.50 | $351.75 |
| Total: | 158 | $197.51 | $331.80 | $529.31 |

---

[8] For H & W fund for July, all but 24 hours were paid. Therefore, Baily's H&W calculation for July is 24 x 2.10 = 50.40

7

## D, CONTRIBUTIONS FOR ZACHARIAH HALE

The plaintiffs assert that Zachariah Hale should be treated as a journeyman electrician for purposes of calculating his contributions to Plaintiff Pension Fund. The defendant argues that Mr. Hale should be treated as a first or second period apprentice, and that accordingly, no benefits should be calculated on his behalf. The court considers Mr. Hale a third period apprentice for purposes of calculating contributions owed to Plaintiff Pension Fund on his behalf. The plaintiffs seek contributions to Plaintiff Health Fund on behalf of Mr. Hale at a rate of $1.80 per hour through August 31, 2000, and at a rate of $2.50 per hour thereafter, pursuant to the collective bargaining agreement. The total contributions due on behalf of Mr. Hale to Plaintiff funds are as follows:

### Contributions for Zachariah Hale

**Pension Fund: Rate of $1.25 per hour**
**Health & Welfare Fund: Rate of $1.80 per hour for August, 2000**
**Rate of $2.50 per hour after August 2000**

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 8/00 | 138 | $172.50 | $248.40 | $420.90 |
| 9/00 | 161.25 | $201.56 | $403.13 | $604.69 |
| 10/00 | 123.5 | $154.38 | $308.75 | $463.13 |
| 11/00 | 148.25 | $185.32 | $370.63 | $555.95 |
| 12/00 | 106 | $132.50 | $265.00 | $397.50 |
| 1/01 | 117.25 | $146.56 | $293.13 | $439.69 |
| 2/01 | 57.5 | $71.88 | $143.75 | $215.63 |
| 3/01 | 197.5 | $246.88 | $493.75 | $740.63 |
| 4/01 | 100 | $125.00 | $250.00 | $375.00 |

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 5/01 | 2 | $2.50 | $5.00 | $7.50 |
| 6/01 | 3.5 | $4.38 | $8.75 | $13.13 |
| Total: | 1,154.75 | $1,443.46 | $2,790.29 | $4,233.75 |

### E. CONTRIBUTIONS FOR DUSTIN NOVAK

The plaintiffs seek contributions for Plaintiff Pension Fund on behalf of Mr. Novak at a rate of $.50 per hour.[9] The plaintiffs seek contributions to Plaintiff Health Fund on behalf of Mr. Novak at a rate of $1.80 per hour for August, 2000, and thereafter at a rate of $2.50 per hour, pursuant to the collective bargaining agreement. The total contribution due to Plaintiff Funds on behalf of Mr. Novak are as follows:

**Contributions for Dustin Novak**

**Pension Fund: Rate of $.50 per hour**
**Health & Welfare Fund: Rate of $1.80 per hour for August, 2000**
**Rate of $2.50 per hour after August, 2000**

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 8/00 | 130 | $65.00 | $234.00 | $299.00 |
| 9/00 | 166 | $83.00 | $415.00 | $498.00 |
| 10/00 | 176 | $88.00 | $440.00 | $528.00 |
| 11/00 | 128 | $64.00 | $320.00 | $384.00 |
| 12/00 | 64 | $32.00 | $160.00 | $192.00 |
| 1/01 | 129 | $64.50 | $322.50 | $387.00 |

---

[9] The plaintiffs concede that the record is unclear as to when Mr. Novak was hired and what the correct classification for Mr. Novak is. Accordingly, the plaintiffs seek contributions based on the $.50 per hour flat rate provided for in the collective bargaining agreement, in relevant part, as follows:
> The pension contribution for [third] and fourth period trainees will be a flat 50 cents per hour.

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 2/01 | 147 | $73.50 | $367.50 | $441.00 |
| 3/01 | 146.5 | $73.25 | $366.25 | $439.50 |
| 4/01 | 157.5 | $78.75 | $393.75 | $472.50 |
| 5/01 | 107 | $53.50 | $267.50 | $321.00 |
| 6/01 | 9.5 | $4.75 | $23.75 | $28.50 |
| 7/01 | 6.5 | $3.25 | $16.25 | $19.50 |
| Total: | 1,367 | $683.50 | $3,326.50 | $4,010.00 |

### F. CONTRIBUTIONS FOR J. KEITH COLLINS

The plaintiffs seek contributions to Plaintiff Pension Fund on behalf of J. Keith Collins at a rate of $.50 per hour. The plaintiffs seek contributions to Plaintiff Health Fund on behalf of Mr. Collins at a rate of $2.50 per hour, pursuant to the collective bargaining agreement. The calculations for Mr. Collins are as follows:

**Contributions for J. Keith Collins**

**Pension Fund: Rate of $.50 per hour**
**Health & Welfare Fund: Rate of $2.50 per hour**

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 6/01 | 112 | $56.00 | $280.00 | $336.00 |
| 7/01 | 168 | $84.00 | $420.00 | $504.00 |
| 8/01 | 191 | $95.50 | $477.50 | $573.00 |
| Total: | 471 | $235.50 | $1,177.50 | $1,413.00 |

### G. CONTRIBUTIONS FOR CHRIS CARTER

The plaintiffs seek contributions to Plaintiff Pension Fund for Chris Carter at a rateof $.50 per hour. The plaintiffs seek contributions on behalf of Mr. Carter to Plaintiff

Health Fund at a rate of $2.50 per hour, pursuant to the collective bargaining agreement. Contributions for Mr. Carter are calculated as follows:

### Contributions for Chris Carter

**Pension Fund: Rate of $.50 per hour**
**Health & Welfare Fund: Rate of $2.50 per hour**

| Month/Year | # Hours | Pension | H & W | Total Contr. |
|---|---|---|---|---|
| 6/01 | 142 | $71.00 | $355.00 | $426.00 |
| 7/01 | 127.75 | $63.88 | $319.38 | $383.26 |
| 8/01 | 151.5 | $75.75 | $378.75 | $454.50 |
| Total: | 421.25 | $210.63 | $1,053.13 | $1,263.76 |

### H. TOTAL CONTRIBUTIONS

| Employee | Total Pension | Total H & W | Total Contr. |
|---|---|---|---|
| Ryan Gericke | none | $1,185.45 | $1,185.45 |
| Eric Baily | $2,185.34 | $3,376.28 | $5,561.62 |
| B.J. Myrick | $197.51 | $331.80 | $529.31 |
| Zachariah Hale | $1,443.46 | $2,790.29 | $4,233.75 |
| Dustin Novak | $683.50 | $3,326.50 | $4,010.00 |
| J. Keith Collins | $235.50 | $1,177.50 | $1,413.00 |
| Chris Carter | $210.63 | $1,053.13 | $1,263.76 |
| TOTAL: | $4,955.94 | $13,240.95 | $18,196.89 |

### I. INTEREST

In the plaintiffs' amended prayer for relief, the plaintiffs calculated interest on the delinquent contributions at a rate of 10%, running from the date that contributions could first be considered delinquent, or September 26, 2000, through the date of the initial

judgment in this matter, December 13, 2005.[10] The defendant argues that this manner of calculating interest is erroneous and would result in unjust enrichment to the plaintiffs because the method:

> implies that the entire amount of contributions [for each employee at issue in this case] was delinquent as of September 26, 2000. Of course, such was not the case. For example, the contributions [for Chris Carter] could not be delinquent in September 2000, as Carter was not even working at DEI in September, 2000.

The defendant asserts, rather, that the "correct way to calculate" the interest is to "calculate a monthly total for delinquent contributions, and then . . . apply the rate of interest pursuant to [this court's] Order from the date of each delinquency forward."[11] The defendant further proposes that interest be calculated from the date that a payment was due for each employee through December 9, 2002. The defendant has chosen an end date of December 9, 2002 because it was the date on which the defendant offered to pay the plaintiffs $30,000.00, an amount which the defendant notes "far exceeds" the $18,657.87 that the plaintiffs now claim in contributions.[12]

---

[10] The court notes that judgment was not entered in conjunction with the court's December 13, 2005 Order because of the need for calculation revisions. Accordingly, judgment will not be entered until the date of the filing of this Order.

[11] In support of this proposed method of calculating interest, the defendant cites to Carriers Container Council, Inc. v. Mobile Steamship Assoc., Inc., 948 F.2d 1219, 1223 (11th Cir. 1991); Perishable Food Industry Pension Fund v. American Banana Co., Inc., 2003 LEXIS 11298 at *12 (S.D.N.Y. July 1, 2003).

[12] The $30,000.00 was also supposed to include attorney fees. No offer of judgment was filed pursuant to Fed. R. Civ. P. 68. Alternatively, the defendant proposes that the court calculated interest only through September 22, 2003, which is the date that the defendants first resisted one of the plaintiffs' requests for extension of deadlines in this matter.

The court has calculated interest at 10% simple interest, running from October 1, 2000, through the date of the judgment in this matter, March 9, 2006.[13] The total contributions owed on behalf of each employee at issue, including interest, are as follows:

| Employee | Total Contributions | Interest[14] | Total for Employee |
|---|---|---|---|
| Ryan Gericke | $1,185.45 | $543.99 | $1,729.44 |
| Eric Baily | $5,561.62 | $2,313.37 | $7,874.99 |
| B.J. Myrick | $529.31 | $242.01 | $771.32 |
| Zachariah Hale | $4,233.75 | $1,638.42 | $5,872.17 |
| Dustin Novak | $4,010.00 | $1,626.71 | $5,636.71 |
| J. Keith Collins | $1,413.00 | $649.13 | $2,062.13 |
| Chris Carter | $1,263.76 | $582.13 | $1,845.89 |
| TOTAL: | $18,196.89 | $7,595.76 | $25,792.65 |

## J. PENALTY

29 U.S.C.A. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under

---

[13] See Appendix A for interest calculations.

[14] Interest calculated on contributions from October 1, 2000, through March 9, 2006. See Appendix A for calculations.

>                    Federal or State law) of the amount determined
>                    by the court under subparagraph (A),
> (D)    reasonable attorney's fees and costs of the action, to be
>        paid by the defendant, and
> (E)    such other legal or equitable relief as the court deems
>        appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.[15]

The plaintiffs request a penalty in an amount equal to the interest on the unpaid contributions, $7,595.77, as that sum is greater than 20% of the total unpaid contributions.[16] Accordingly, the total penalty is $7,595.76. The plaintiffs' total award, exclusive of attorney fees and costs, is as follows:

| Total Contributions with Interest | $25,792.65 |
| Penalty | $7,595.76 |
| TOTAL DUE TO PLAINTIFF FUNDS | $33,388.41 |

Upon the foregoing,

IT IS ORDERED that the court finds in favor of the plaintiffs Local 405 Trustees of the I.B.E.W. Local Union 405 Deferred Savings Fund and Local 405 Trustees of the I.B.E.W. Local Union 405 Health and Welfare Fund, and against Defendant Duball Electric, Inc., as to the plaintiffs' claim for delinquent contributions pursuant to Sections

---

[15] 26 U.S.C.A. § 6621(a)(2) provides that the underpayment rate shall be the sum of the Federal short-term rate determined under subsection (b) plus 3 percentage point. Subsection (b) provides that the Secretary shall determine the Federal short-term rate for the first month in each calendar quarter.

[16] 20% of the total unpaid contributions, as calculated by the court at $18,196.89, is $3,639.38.

302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5), §§ 502(a)(2)(3) and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(2), 1132(a)(3) and 1145, in the amount of $33,388.41, together with reasonable attorney's fees and costs in an amount to be determined.[17]

March 9, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[17] The court will determine reasonable attorney fees in a separately filed Order.